**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                              No. CR 07-1550 JB

JOSE GALLEGOS-HERNANDEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed September 26, 2007 (Doc. 13). The Court held a sentencing hearing on October 18, 2007. The primary issue is whether the Court should accept the United States Probation Office's guideline calculation and sentence Defendant Jose Gallegos-Hernandez to the low end of the guideline range. Because Gallegos-Hernandez does not object to the Presentence Investigation Report's calculations, because a sentence at the low end of the range is appropriate, for the reasons stated at the sentencing hearing, and for reasons consistent with those already stated, the Court will grant Gallegos-Hernandez' request, and sentence him to the low end of the Guideline range to 10 months incarceration.

**PROCEDURAL BACKGROUND**

    Gallegos-Hernandez was charged, in a single-count Indictment, with Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a) and (b). See Criminal Complaint, filed May 9, 2007 (Doc. 1). Gallegos-Hernandez pled guilty on August 2, 2007, before the Honorable Lorenzo Garcia, Chief United States Magistrate Judge. See Clerk's Minutes, filed Aug. 2, 2007 (Doc. 11). The Probation

Office prepared a Presentence Investigation Report ("PSR") in anticipation of final sentencing. See PSR, disclosed Sept. 13, 2007.

According to the PSR, Gallegos-Hernandez' final adjusted offense level is 10. See PSR ¶ 17, at 5. His criminal history category is III. See PSR at 9. The low end of Gallegos-Hernandez' advisory United States Sentencing Guideline range is 10 months. See id.

Gallegos-Hernandez' lawyer received the PSR on September 13, 2007. See Sentencing Memorandum ("Defendant's Sentencing Memo.") at 1, filed Sept. 26, 2007 (Doc. 13). Gallegos-Hernandez' lawyer traveled to the Torrence County Detention Center in Estancia, New Mexico to review the PSR with the Defendant. See id. A Spanish-speaking interpreter read the entire PSR to Gallegos-Hernandez in his native language of Spanish. See id.

Gallegos-Hernandez does not object to any factual issues contained in the PSR. See Defendant's Sentencing Memo. at 1. He agrees that his final adjusted level is 10. See id. Gallegos-Hernandez requests a sentence of 10 months, and waiver of all penalties and fines. See id. at 2.

In its Response to Gallegos-Hernandez' Sentencing Memorandum, the United States does not oppose a sentence of 10 months. See Response to Defendant's Sentencing Memorandum, filed Oct. 17, 2007 (Doc. 15). At the sentencing, the United States expressed its willingness to waive the special assessment of $100.00. See Tr. at 6:4-7 (Court & Kimball).

## LAW REGARDING GUIDELINE SENTENCES

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court of the United States severed the mandatory provisions from the Federal Sentencing Act, thus making the Guidelines effectively advisory. In excising the two sections, the Supreme Court left the remainder of the Act intact, including 18 U.S.C. § 3553: "Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the

past, in determining whether a sentence is unreasonable." 543 U.S. at 261. Congress has directed sentencing courts to impose a sentence "sufficient, but not greater than necessary" to comply with four statutorily defined purposes enumerated in 18 U.S.C. § 3553(a)(2):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . . .

18 U.S.C. § 3553(a)(2)(A)-(D). See 18 U.S.C. § 3551 ("[A] defendant who has been found guilty of an offense described in any Federal statute [ . . . ] shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case."). To achieve these purposes, 18 U.S.C. § 3553(a) directs sentencing courts to consider: (i) the Guidelines; (ii) the nature of the offense and the defendant's character; (iii) the available sentences; (iv) a policy favoring uniformity in sentences for defendants who commit similar crimes; and (v) the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7).

Although the Guidelines are no longer mandatory, both the Supreme Court and the United States Court of Appeals for the Tenth Circuit have clarified that, while the Guidelines are one of several factors enumerated in 18 U.S.C. § 3553(a), they are entitled to considerable deference. See Rita v. United States, 127 S. Ct. 2456, 2464 (2007)("The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill [its] statutory mandate."); United States v. Cage, 451 F.3d 585, 593 (10th Cir. 2006)(describing the

Guidelines as more than "just one factor among many").  They are significant because "the Guidelines are an expression of popular political will about sentencing that is entitled to due consideration . . . [and] represent at this point eighteen years' worth of careful consideration of the proper sentence for federal offenses."  United States v. Cage, 451 F.3d at 593 (internal quotations omitted).  A reasonable sentence is one that also "avoid[s] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).  See United States v. Booker, 543 U.S. at 261-62.

## **ANALYSIS**

In his sentencing memorandum, Gallegos-Hernandez asks the Court to impose a sentence of 10 months, which is at the lowest end of the advisory sentencing guideline range.  See Defendant's Sentencing Memo. at 2.  The Court has carefully considered the advisory Guideline range, but in arriving at its sentence, the Court has taken account not only of the Guideline range, but of other sentencing goals.  Specifically, the Court has considered the Guidelines' sentencing range established for the applicable category of offense committed by the applicable category of defendant.

After conducting that review, the Court believes that the punishment set forth in the advisory Guidelines is appropriate for this offense.  The Court has considered the kinds of sentences and the range established by the Guidelines.  The Court agrees with the parties that a sentence of 10 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects the reasons set forth in 18 U.S.C. § 3553(a).

The Court also believes the sentence is reasonable because a 10-month sentence is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in the

Sentencing Reform Act. Thus, for the reasons stated at the sentencing hearing, and for reasons consistent with those already stated, the Court will grant Gallegos-Hernandez' request, and sentence him to the low end of the Guideline range. Because Gallegos-Hernandez does not appear to have any income or assets, and lacks financial resources, the Court will not impose a fine. Based on the United States' willingness to waive the special assessment of $100.00, the Court will not impose the special assessment penalty.

**IT IS ORDERED** that the request in the Defendant's Sentencing Memorandum that the Court sentence him to 10 months, and waive all fines and penalties, is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney
Roberto D. Ortega
Norman Cairns
Sharon R. Kimball
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

James P. Baiamonte
Albuquerque, New Mexico

    *Attorney for the Defendant*